**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK**

_____

VINCENT DELGADO, A/K/A ABDUL ALI KARIM-RASHID,

                        Petitioner,                      18-CV-0482-A
                                                                                                 **ORDER**
                            v.

WARDEN WATSON, Warden of USP Beaumount;
ANTHONY J. ANNUCCI, Acting Commissioner of
New York State Dep't of Corr. and Community Supervision

                        Respondents.

_____

      Petitioner has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, challenging his detention by the New York State Department of Corrections and Community supervision after he was released from federal custody in March 2018. Section 2241, however, is "unavailable" to a state prisoner "challenging . . . the execution of his . . . sentence." *Cook v. N.Y.S. Div. of Parole*, 321 F.3d 274, 278 (2d Cir. 2003). Such a prisoner must instead bring a habeas corpus petition pursuant to 28 U.S.C. § 2254. *Id.* "[I]f an application that should be brought under 28 U.S.C. § 2254 is mislabeled as a petition under section 2241, the district court must treat it as a section 2254 application." *Id.* at 277.

      A court, however, may "not convert a post-conviction motion into a § [2254] [petition] without first giving the prisoner notice of such proposed action, and giving the prisoner an opportunity to withdraw his § [2241] [petition]." *Adams v. United States*, 372 F.3d 132, 136 (2d Cir. 2004). Petitioner is therefore advised that, should he elect to convert his § 2241 petition into a § 2254 petition, and if that § 2254 petition is ultimately denied, he may be prohibited from filing a second § 2254 petition, except in certain limited

1

circumstances. *See Adams v. United States*, 155 F.3d 582, 583-84 (2d Cir. 1998). In other words, if Petitioner elects to convert his § 2241 petition into a § 2254 petition, that decision "may result" in a "deprivation of a future opportunity to have a well-justified grievance adjudicated." *Id.* at 583.

On or before December 13, 2018, Petitioner shall advise the Court whether he consents to the conversion of his § 2241 petition into a § 2254 petition. If Petitioner wishes to convert his § 2241 petition into a § 2254 petition, he shall, on or before December 13, 2018, file a reply to the Respondents' response memorandum. If Petitioner does not consent to the conversion of his § 2241 petition into a § 2254 petition, this case will be dismissed unless Petitioner advises the Court that he wishes to withdraw his § 2241 petition.

**SO ORDERED.**

Dated: November 9, 2018  *s/Richard J. Arcara*
     Buffalo, New York  HONORABLE RICHARD J. ARCARA
                                                       UNITED STATES DISTRICT JUDGE